RALPH AND GERTRUDE TOBJY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Tobjy v. Commissioner
Docket No. 17484-81.
United States Tax Court
T.C. Memo 1986-62; 1986 Tax Ct. Memo LEXIS 542; 51 T.C.M. (CCH) 449; T.C.M. (RIA) 86062; February 11, 1986. Ralph Tobjy, pro se. Peter Devlin, for the respondent. HAMBLEN
MEMORANDUM FINDINGS OF FACT AND OPINION HAMBLEN, Judge: Respondent determined a deficiency of $8,100.00 in petitioners' joint 1978 Federal income tax. Respondent made the following adjustments in his statutory notice of deficiency: Residential Rental Expenses
$34,072.00 Exemption
Disallowance of exemption
claimed for Roscio Menoscal
Interest Expense
1,000.00 Contributions
1,290.00 Medical and Dental Expenses
911.00 subject to limitation as determined
Standard - Itemized Deductions
(226.00)
Total Adjustments
$37,047.00 This case was tried and submitted to the Court at New York, New York on April 24, 1984. The Court directed the parties to file briefs on or before June 25, 1984. Subsequently, *544 the Court extended such due date until July 25, 1984. Respondent timely filed a brief. However, petitioners failed to file a brief within the extended due date of July 25, 1984. Consequently, on October 4, 1984, this Court ordered that no further briefs be accepted in this case. Because this case concerns substantiation of asserted deductions and a dependency exemption, we note at the outset that respondent's determinations are presumptively correct and petitioners bear the burden of proof. , (1933); Rule 142(a).[1] For convenience our Findings of Facts and Opinion are merged and are segregated by issue. The stipulation of facts and attached exhibits are incorporated herein by this reference. Residential Rental Property
Petitioner Ralph Tobjy purchased the following properties as newly constructed residential property: Description of property
Year acquired
Purchase Price
Two-family residence at
750 Schenck Avenue
Brooklyn, New York
("Schenck Avenue")
1962
$25,000.00
Three-family residence
at 41-32 Little Neck Parkway,
Little Neck, New York
("Little Neck Parkway")
1971
$80,000.00
One-family condominium
apartment at Girasol
Condominium, Isla Verde
Road, Isla Verde, Puerto
Rico ("Isla Verde Road")
1973
$30,000.00
One-family condominium
residence at 274 Artist
Lack Drive, Middle Island,
New York ("Artist Lake Drive")
1975
$30,000.00
*545 On their joint 1978 Federal income tax return, petitioners claimed deductions for depreciation and other expenses as follows: Property
Depreciation
Other Expenses
Schenck Avenue
$1,250.00
$3,700.00
Little Neck Parkway
5,333.00
8,126.00
Isla Verde Road
2,285.00
5,645.00
Artist Lake Drive
2,571.00
5,162.00
Total
$11,439.00
$22,633.00
Petitioners assigned a twenty-year useful life to each residential property for depreciation purposes. Petitioner Ralph Tobjy testified that the twenty-year useful life was determined based upon his life expectancy. In depreciating the subject rental properties, petitioners included the value of land within the unadjusted depreciable basis. During the year in issue, petitioners occupied one of the two six-room apartments at the Little Neck Parkway property as a personal residence. On their 1978 joint Federal income tax return, petitioners did not allocate the portion of depreciation and other expenses associated with the Little Neck Parkway property which were attributable to personal use but, rather, deducted all such expenses. For prior taxable years, petitioners' depreciation deductions on the subject rental *546 properties for which petitioners received a tax benefit totalled as follows: Property
Pre-1978 Depreciation
Schenck Avenue
$19,625.00
Little Neck Parkway
29,071.00
Isla Verde Road
7,617.00
Artist Lake Drive
6,160.00
Petitioners have used the straight-line method and the sum of the years digits method to compute depreciation on the subject residential properties. Respondent does not take exception to the use of such methods. At issue is petitioners' depreciable basis in each property and the useful life of each property. Respondent has determined an allocation of basis and the economic useful life of the subject properties at the time of purchase as follows: Economic Useful
Property
Land
Building
Total
Life
Schenck
3,750.00
$21,250.00
$25,000.00
40 years
Avenue
Little Neck
7,000.00
73,000.00
80,000.00
45 years
Parkway
Artist Lake
3,000.00
27,000.00
30,000.00
40 years
Drive
Isla Verde
4,500.00
25,500.00
30,000.00
40 years
Road
These determinations reflect the opinion of respondent's expert witness Leonard S. Rodwin ("Rodwin"). Rodwin has been an employee of the Internal Revenue Service ("IRS") *547 for 17 years. Rodwin was hired by the IRS during 1966 as a real estate appraiser in the Manhattan District. Since 1969, he has been assigned to the National Office in Washington, D.C., where his responsibilities concern the determination of the fair market value of real estate, the fair rental value of real estate, the allocation of lump sum purchases, and the economic useful life of real estate. Rodwin viewed the Schenck Avenue, the Little Neck Parkway, ahd the Artist Lake Drive properties and determined the allocation of basis and economic useful life of such properties within his valuation report. At trial, Rodwin testified as to his opinion concerning the Isla Verde Road property in Puerto Rico which he did not view. Petitioners did not introduce any objective evidence of value concerning the allocation of basis or economic useful life. Therefore, we find that petitioners have failed to meet their burden of proof. ; Rule 142(a). Rodwin was a credible witness. We agree with respondent's determination of the allocation of basis between depreciable property and nondepreciable land as well as respondent's determination *548 of the economic useful life of each subject property. Petitioners' assertion that useful life be determined by reference to the owner's life expectancy is specious and without merit as useful life may not be determined by reference to the owner's life expectancy. , affg. a Memorandum Opinion of this Court. Furthermore, the facts are inconsistent with petitioner Ralph Tobjy's testimony that useful life was determined by reference to his life expectancy as the residential properties were purchased during the years 1962, 1971, 1973 and 1975 and each was assigned a twenty-year useful life. We find that petitioners arbitrarily assigned a twenty- year useful life to each property and that such determination was not reasonable. [2]
On their joint 1978 Federal income tax return, petitioners claimed other expenses concerning the residential properties in the amount $22,633.00 which respondent disallowed in his statutory notice of deficiency. *549 Subsequently petitioners substantiated the following expenses concerning the subject residential properties: Little
Isla
Artist
Schenck
Neck
Verde
Lake
Avenue
Parkway
Road
Drive
Total
Real
Estate
Taxes
$755.75
$3,237.48
$321.09
$1,358.66
$5,672.98
Interest
3,460.47
1,543.35
2,083.85
7,087.67
Water and
Sewer
124.69
210.00
334.69
Insurance
111.00
43.89
154.89
Maintenance
452.04
452.04
Heating
793.07
793.07
Total
$1,673.51
$7,018.95
$2,360.37
$3,442.51
$14,495.34
At trial, respondent conceded an additional expense of $248.28 for real estate taxes on the Schenck Avenue property. On brief, respondent further conceded an additional expense in the amount of $197.16 as repairs constituting ordinary and necessary expenses. [3] Accordingly, other expenses in the amount of $14,940.78 have been either substantiated by petitioners or conceded by respondent. *550 During the year in issue, petitioners occupied one of the two six-room apartments at the Little Neck Parkway property. The Little Neck Parkway property consists of two six-room appartments plus one four-room apartment, for a total of 16 rooms. Respondent asserts that three-eighths of the depreciation expense and other expenses concerning the Little Neck Parkway property constitute nondeductible personal living expenses. Petitioners have introduced no evidence to refute respondent's allocation as to personal expenses concerning the Little Neck Parkway property. Therefore, petitioners have failed to satisfy their burden of proof. ; Rule 142(a). We agree with respondent's assertion that the business ue portion of the Little Neck Parkway property is limited to five-eighths of the determined depreciation amount and other expenses. [4]
In 1977, petitioners installed window guard rails at the Schenck Avenue property at a cost of $1,800.00. Petitioners *551 assert that they are entitled to depreciate the window guard rails, however, they have introduced no evidence as to the economic useful life of such property. We therefore determine that petitioners have not met their burden of proof necessary to establish entitlement to depreciate such improvements. ; Rule 142(a). At trial, petitioners offered various cancelled checks concerning automobile insurance and related expenses as well as oral testimony regarding purported travel expenses incurred with regard to the rental properties. Petitioners maintained no records to support the travel expenses asserted. Petitioner Ralph Tobjy's testimony concerning the automobile insurance was inconsistent and equivocal. Petitioners also assert entitlement to depreciate a Volkswagon automobile purchased during 1976 at a cost of $4,384.50. In depreciating the automobile, petitioner Ralph Tobjy testified that he used the straight-line method and assigned a three-year useful life with no salvage value. Petitioner Ralph Tobjy further testified that the business use portion of the Volkswagon was 75 percent and that personal use was limited to 25 percent. *552 Petitioners failed to substantiate their assertions by means of reliable objective evidence such as contemporaneous records. Additionally, petitioner Ralph Tobjy's testimony was inconsistent and not credible. We do not doubt that expenses attendant to the use of an automobile concerning the residential rental properties were incurred. As in , the inexactitude herein was of petitioners' own making by failing to maintain adequate records, and this must weigh heavily against them. However, petitioners have not given us any basis other than petitioner Ralph Tobjy's self-serving testimony upon which we may estimate reasonable allowances.[5] Therefore, we find that petitioners have not offered sufficient evidence to establish an entitlement to automobile depreciation or the attendant automobile expenses for travel and insurance. [6]
Petitioner Ralph Tobjy also testified *553 at trial that petitioners were entitled to telephone expenses, postage expenses, and a home office deduction under section 280A. No evidence other than self-serving testimony consisting of estimated expenses was introduced to substantiate these claims. Therefore, petitioners have failed to satisfy their burden of proof as to these expenses. ; Rule 142(a). Interest Expense
Petitioners claimed an interest expense deduction of $1,000.00 on their joint 1978 tax return. Subsequently, petitioners substantiated interest expenses for the 1978 taxable year in the amount of $1,175.51. Petitioners substantiated an additional interest expense of $3,460.47 incurred with respect to the mortgage on the Little Neck Parkway property. We have previously determined that the business use portion of the Little Neck Parkway property was limited to a pro rata five-eighths of such property during 1978. Consequently, we have determined that petitioners were entitled to depreciation and other expenses relating to such property in an amount not in excess of a pro rata five-eighths allocation of such expenses. Petitioners are, however, entitled to *554 deduct additional interest as an itemized deduction in the amount of $1,297.68 which represents a pro rata three-eighths of the mortgage interest expense incurred with respect to the personal use portion of the Little Neck Parkway property. [7] Petitioners, by aggregating the interest expense substantiated and the interest expense allocated to personal use property, are entitled to an itemized interest expense deduction in the amount of $2,473.19 for 1978. Charitable Contribution Deducation
Petitioners claimed a charitable contribution deduction of $1,290.00 on their joint 1978 Federal income tax return. Petitioners have substantiated that they donated the amount of $875.00 during 1978 to various qualified charitable donees under section 170. At issue is whether petitioners are entitled to deduct the amount of $400.00 that they donated in 1978 to an organization titled FANN. [8]FANN is a private orphanage in Ecuador which is not affiliated with any organization in the United States or with any church. FANN is privately financed by a wealthy *555 Ecuadoran businessman. We determine that FANN does not qualify as charitable donee under section 170(c)(2)(A) since it was not created or organized in the United States, a state or territory, the District of Columbia or a possession of the United States. . [9] Consequently, petitioners are not entitled to deduct as a charitable contribution in 1978 the $400.00 they paid to FANN. Exemption
Petitioners claimed a dependency exemption for Roscio Menoscal ("Roscio"). Roscio is a citizen of Ecuador and is not related to petitioners. Roscio resided with petitioners during 1978. Petitioner Ralph Tobjy was unable at trial to recall the approximate duration of Roscio's residence with petitioners. Roscio entered the United States with a student visa although she was not a recipient *556 of a scholarship or any government assistance. Roscio desired to study English in the United States. Petitioners accommodated Roscio with necessities and paid certain tuition expenses on her behalf at Queens College and the English Language Institute to enable Roscio to study language. Section 152 provides a dependency exemption where certain criteria are established. Petitioners have failed to satisfy their burden of proof to establish entitlement to a dependency exemption under section 152. Section 152(b)(3) provides that an individual who is not a citizen, resident, or national of the United States cannot qualify as a dependent unless such individual is a resident of a foreign country contiguous to the United States. Roscio was a nonresident alien as defined in section 7701 and was a citizen of Ecuador, a noncontiguous country. Therefore, petitioners fail to satisfy the section 152(b)(3) requirement. , (1969).[10] Furthermore, petitioners failed to introduce sufficient evidence to determine whether petitioners furnished over one-half of Roscio's support. Sec. 152(a). Therefore, petitioners are not entitled to claim a dependency *557 exemption for Roscio. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue, and all rule references are to the Tax Court Rules of Practice and Procedure.↩
2. , affd. per curiam, , cert. denied .↩
3. Because the record is not clear as to the subject properties to which the repairs related, we allocate the $197.16 to properties other than the Little Neck Parkway property so as to avoid further allocation of such expense between business and personal use property relevant to the Little Neck Parkway property.↩
4. Respondent concedes three-eighths of the real estate taxes and interest on the Little Neck Parkway property are otherwise deductible as itemized deductions on Form 1040, Schedule A.↩
5. . ↩
6. ; ; .↩
7. Little Neck Parkway property interest: ↩
Personal allocation
$1,297.68
Business allocation
2,162.79
$3,460.47
8. Petitioners claimed a charitable contribution deduction in the amount of $1,290.00 on their 1978 joint tax return. Petitioners substantiated the amount of $875.00 and respondent has disallowed the amount of $400.00 paid to FANN. Therefore, the amount of $15 is unreconciled.↩
9. .↩
10. .↩